IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNIE LEE WOODGETT, | : | |
| Petitioner, | : | 1:15-cv-1729 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| UNITED STATES OF AMERICA, | : | |
| WARDEN PERDUE, | : | |
| Respondents. | : | |

## MEMORANDUM

## November 9, 2015

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Bennie Lee Woodgett ("Woodgett"), a federal inmate incarcerated at the Federal Correctional Institution at Schuylkill, Minersville, Pennsylvania. Preliminary review of the petition has been undertaken, and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.[1]

## I. BACKGROUND

According to a Report and Recommendation issued in the Southern District of Alabama addressing Woodgett's Petition to Vacate, Set Aside, or Correct

---

[1] *See* R. GOVERNING § 2254 CASES R.4, which provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. *Id.* at R.1(b).

Sentence under 28 U.S.C. § 2255, which was subsequently adopted by the district judge, " [a] two-count indictment was returned against [Woodgett] in November 2009.  The indictment contained one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count 1); and one count of possession of receiving, possessing, and concealing a stolen firearm, in violation of § 922(j) (Count 2). [Woodgett] pled guilty to Count 1 and Count 2 was dismissed.  In May 2010, [he] was sentenced to 180 months of incarceration to be followed by 5 years of supervised release.  Due to the categorization of [Woodgett] as an armed career criminal, the term of 180 months (15 years) was the minimum sentence under the Armed Career Criminal Act of 1984 (ACCA).  *See*, 18 U.S.C. § 924(e).  [Woodgett] did not appeal his conviction or his sentence." *Woodgett v. United States*, Civil Action No. 14-00298– KD, 2014 WL 6808784, at * 1 (S.D. Ala. December 1, 2014) (document citations omitted).  He did, however, file a Petition to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, alleging that his sentence should not have been enhanced by application of the Armed Career Criminal Act based on the case of *Descamps v. United States*, — U.S. —, 133 S.Ct. 2276 (2013).  (*Id.*)  The motion was denied on December 1, 2014.  (*Id.*)

He filed the instant petition on September 3, 2015, requesting that his "illegal sentence" be vacated and that he be resentenced.  (Doc. 1, p. 7).

## II. DISCUSSION

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. *Okereke v. United States*, 307 F.3d 117 (3d Cir. 2002) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)); *see In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255(h); 28 U.S.C. 2244(3)(A).

Review of a petition filed pursuant to 28 U.S.C. § 2241 is limited to circumstances where the remedy by motion under § 2255 would be inadequate or ineffective to test the legality of detention. *See* 28 U.S.C. § 2255(e); *see Okereke*, 307 F. 3d at 120; *see Dorsainvil*, 119 F.3d at 251-52. Section 2255 may be inadequate or ineffective when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision." *Dorsainvil*, 119 F.3d at 251–52. Conversely, "[s]ection 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has

expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002) (citations omitted); *see also United States v. Brooks*, 230 F.3d 643, 647 (3d Cir. 2000); *Dorsainvil*, 119 F.3d at 251. "If a prisoner attempts to challenge his conviction or sentence under 28 U.S.C. § 2241, the habeas petition must be dismissed for lack of jurisdiction." *Id.*, citing *Application of Galante*, 437 F.2d 1164, 1165 (3d Cir. 1971) ("Section 2255 has made the sentencing court the exclusive forum for challenge to the validity of a conviction and sentence.") *See also United States v. Miller*, 197 F.3d 644, 648 (3d Cir. 1999) (observing that "federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework").

In the instant petition, Woodgett asserts that he was improperly sentenced as an armed career criminal. He argues that he is entitled to "Section 2241(c)(3) and 2243 relief because the imposition of his sentence violates due process, constitute[s] a miscarriage of justice, and no previous channel of review . . . was available due to *Johnson v. United States*,[ — U.S. — , 135 S.Ct. 2551 (2015)]." (Doc. 101, p. 19). In *Johnson*, the United States Supreme Court held that the "residual claims" of the Armed Career Criminal Act violates the Constitution's

guarantee of Due Process due to vagueness. *Johnson*, 135 S.Ct. at 2563. Because Woodgett is ultimately challenging his conviction and sentence, his claims are controlled by 28 U.S.C. § 2255. *See Wallace v. Bledsoe*, No. 1:1-CV-132, 2011 WL 766641, * 3 (M.D. Pa. 2011) (Jones, J.) (finding that the petitioner's claim that a prior conviction was improperly used to enhance his sentence must be brought by way of section 2255); *Pryce v. Scism*, Civil No. 1:10-cv-1680, 2011 WL 41883, *4 (M.D. Pa. 2011) (Jones, J.) (concluding that section 2255, not section 2241, is the appropriate section to address Pryce's claim, that he is actually innocent of being a career criminal because his prior state convictions should not have been considered to enhance his current federal sentence, and explaining that innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by section 2255 would be inadequate or ineffective). Accordingly, the instant petition is subject to dismissal.

Significantly, Woodgett failed to present the issue he raises in a motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Instead, he attempts to utilize § 2241 to obtain the desired relief. The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Woodgett fails to demonstrate that he falls within the *Dorsainvil* exception. He contends that he is entitled to relief from sentencing as an armed

career criminal, as opposed to being factually innocent of the crime for which he was convicted. As recognized by this Court, and by other courts who have considered this argument, one is not convicted of being an "armed career criminal." Rather, this status is utilized as a basis to enhance a federal sentence. Therefore, innocence of a sentence enhancement is not the same as actual innocence of the underlying criminal offense such that the remedy afforded by §2255 would be inadequate or ineffective. *Accord United States v. Brown*, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal. Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); *see also, Selby v. Scism*, 453 F. App'x 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law. Accordingly the exception described in *In re Dorsainvil* does not apply.").

### III.  CONCLUSION

For the above stated reasons, the Court lacks jurisdiction to consider Woodgett's petition.  Therefore, the petition will be dismissed.  Notably, dismissal will be without prejudice to Woodgett's ability to take any action he deems appropriate under § 2255.

An appropriate order will issue.